UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Prologis Industrial
Properties II, LLC,

    Plaintiff,

    v.

Agfa Corporation,

    Defendant.

Case No. 1:12cv849

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court upon Defendant Agfa Corporation's Motion for Summary Judgment (Doc. 31); Plaintiff Prologis Industrial Properties II, LLC's ("Prologis") Motion for Summary Judgment (Doc. 41); and Prologis' Motion to Strike (Doc. 45). These motions have been fully briefed according to the parties' briefing schedule. (Docs. 38, 44, 46).

**I.  BACKGROUND**

Prologis claims that Agfa breached a commercial lease which Agfa assumed from the Harold M. Pitman Company ("Pitman"). Prologis entered into the lease with Pitman in October of 2005 ("the Lease"). (Doc. 31-1, PAGEID # 310). The property which was the subject of the Lease was a warehouse in West Chester, Ohio ("the West Chester warehouse").

In June of 2010, Pitman entered into an Asset Purchase Agreement ("APA") with Agfa to sell substantially all of its assets to Agfa. (Doc. 37). The APA provided that, upon closing, Agfa would acquire Pitman's ongoing business operations, including the

West Chester warehouse. The APA contemplated that Pitman would transfer the Lease to Agfa in addition to similar leases for other warehouses. The APA provides that Pittman "shall, or shall cause one or more of its Affiliates to, sell, convey, transfer, assign and deliver to [Agfa], and [Agfa] shall purchase from [Pitman] or any of its Affiliates, . . . all of such right, title and interest in . . . the Leased Real Property under the Assumed Leases listed on Schedule 2.1(f)." The APA defines "Assumed Leases" as "those leases and subleases governing real property owned by Persons other than [Pitman] which are listed on Schedule 2.1(f)." The West Chester warehouse was included on the list in Schedule 2.1(f). The APA also provides that Agfa "shall assume and discharge or perform when due the following Liabilities . . . (c) all Liabilities, commitments and other obligations of [Pitman] under the Assumed Leases relating to events occurring or performance required after the Closing."

Agfa explains that under the APA, the transfer of the Lease was dependent upon delivery at closing of an assignment and assumption agreement acceptable to both Pitman and Agfa. Agfa also explains that the transfer of the Lease was necessarily subject to the terms of the Lease itself, which required written approval by Prologis for the assignment to be effective.

On July 14, 2010, after execution of the APA but prior to closing, Agfa and Pitman agreed via a "Side Letter to Asset Purchase Agreement" to transfer responsibility for procuring the lease assignments to Agfa. The Side Letter provided that Agfa and Pitman waived:

> . . . the non-fulfillment of the following conditions precedent and other obligations of [Pitman] set forth in the Asset Purchase Agreement:
>
> 1.2         [Pitman's] delivery of Seller Required Approvals with respect

2

to the Assumed Leases for the leased properties located in:

(g) West Chester, Ohio; . . .

While the parties were able to negotiate assignments of the other warehouse leases, they were unable to reach an agreement regarding the assignment and assumption of the Lease for the West Chester warehouse. (Doc. 31-1, Andrew Zezas Dep. at 28-29; Christopher Santomassimo Dep. at 118).

Beginning on the closing date, Agfa operated the West Chester warehouse and began paying monthly rent and related expenses to Prologis. While Prologis and Agfa attempted to negotiate a new lease, the parties were unsuccessful. (See Doc. 31-1, Ex. M, PAGEID # 420; Doc. 31-1, Ex. N, PAGEID # 425). On September 30, 2011, Agfa vacated the West Chester warehouse. Prologis claims Agfa breached the Lease, which was in effect until June 2013. Agfa responds that it never assumed the Lease, and at most, it was a month-to-month tenant and fulfilled any obligations it may have had to Prologis.

Prologis brings claims of breach of contract, unjust enrichment and promissory estoppel.

II. **ANALYSIS**

A. **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of

production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Where the parties have filed cross-motions for summary judgment, a court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003). "[T]he standards upon which the court evaluates the motions for summary judgment do not change simply because the parties present cross-motions." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (citing *Home for Crippled Children v. Prudential Ins. Co.*, 590 F.Supp. 1490, 1495 (W.D.Pa.1984)).

### B. <u>Breach of Contract</u>

The parties agree that Ohio law applies to Prologis' breach of contract claim. Under Ohio law, to establish a breach of contract, a plaintiff must show: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resulting damages. *Pavlovich v. National City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (citing *Wauseon Plaza Ltd. Partnership v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)).

Prologis argues that under the APA, Pitman agreed to assign the Lease to Agfa, and Agfa agreed to "assume and discharge or perform" the Lease. Prologis argues further that in the Side Letter, Agfa and Pitman agreed to waive the requirement that Pitman provide an assignment and assumption of the Lease.

Agfa responds that Prologis was not a party to the APA or the Side Letter, and therefore Prologis has no contractual rights under the APA or the Side Letter. Agfa also

argues that Prologis was not an intended third-party beneficiary of these agreements between Agfa and Pitman. Moreover, Agfa contends that the Lease itself provides that Prologis must provide prior written consent to any assignment of the Lease.[1]

Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio. *Grant Thornton v. Windsor House, Inc.*, 566 N.E.2d 1220, 1223 (Ohio 1991) (citing *Visintine & Co. v. New York, Chicago, & St. Louis RR. Co.*, 160 N.E.2d 311 (Ohio 1959). Prologis was not a party to the APA or the Side Letter. Prologis was only a party to the Lease between Prologis and Pitman. Furthermore, Prologis is not a third-party beneficiary of the APA or the Side Letter. *Accord Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731 (6th Cir. 2002) (under Ohio law, companies that leased airplanes to airline were not third-party beneficiaries to airline's agreement to sell airline's assets and liabilities to purchaser; therefore leasing companies could not bring contract claims against purchaser after purchaser backed out of the acquisition agreement).

Moreover, the Court concludes that the language of the APA and the Side Letter cannot be read as constituting an assignment of the Lease from Pitman to Agfa. In the APA, Pitman agreed to assign the Lease to Agfa "at the Closing." Agfa agreed to "assume and discharge or perform" the Lease "when due." However, neither of these events ever took place. Because no agreement had been reached regarding the assignment of the Lease, in the Side Letter, Agfa and Pitman agreed to waive the requirement in the APA that Pitman assign and deliver the Lease to Agfa at the Closing.

---

[1] However, Prologis explains that it waived any right it had under the Lease to require written consent to the assignment of the Lease from Pitman to Agfa. Prologis points out that it accepted rent from Agfa for many months.

However, a waiver of this condition precedent is not the equivalent of an assignment of the Lease.  Instead, it was a transfer of the responsibility from Pitman to Agfa to reach an agreement with Prologis regarding the assignment of the Lease.  Because no agreement was ever reached, the Lease was not assigned to Agfa.  As a consequence, Agfa's duty to perform the Lease never became "due."

Therefore, the Court concludes that Prologis is not entitled to summary judgment on its breach of contract claim, and instead, Agfa is entitled to summary judgment in its favor.

### C. Unjust Enrichment

In order to recover under a theory of unjust enrichment under Ohio law, a plaintiff must demonstrate: (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of such benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (1984) (citing *Hummel v. Hummel*, 14 N.E.2d 923 (Ohio 1938)).  Prologis argues that the benefit it conferred upon Agfa was the benefit of the leased space between September 2012—when Agfa vacated the premises—and June 2013—when the Lease terminated.  However, because the Court has concluded that the Lease was never assigned to Agfa, Agfa had no contractual right to remain on the premises until the expiration of the Lease.  Accordingly, Plaintiff is not entitled to summary judgment on this claim, and Agfa is entitled to summary judgment in its favor.

### D. Promissory Estoppel

Prologis does not respond to Agfa's arguments that it is entitled to summary

6

judgment on Prologis' claim of promissory estoppel. Therefore, the Court considers this claim abandoned. *See Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (affirming trial court's finding that party's failure to properly respond to the arguments raised in a motion for summary judgment constituted an abandonment of those claims). Accordingly, Agfa is entitled to summary judgment on Prologis' promissory estoppel claim.

### E. Motion to Strike

Prologis moves to strike certain evidence submitted by Agfa on the basis that it would be in admissible at trial: (1) Agfa's "Proposed Undisputed Facts;" (2) references to Prologis' website; and (3) a July 11, 2011 email from an agent of Prologis which states that "Prologis is of the opinion that Agfa is illegally occupying the space formerly leased to H. Pitman." Because the Court did not rely on any of this evidence in reaching its legal conclusion regarding the interpretation of the APA and the Side Letter, Prologis' Motion to Strike (Doc. 45) is DENIED as MOOT.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Agfa Corporation's Motion for Summary Judgment (Doc. 31) is **GRANTED**;

2. Plaintiff Prologis Industrial Properties II, LLC's Motion for Summary Judgment (Doc. 41) is **DENIED** ; and

3. Prologis' Motion to Strike (Doc. 45) is **DENIED as MOOT**;

7

4. This matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett
                                          United States District Judge